**SMITH v. UNITED STATES.**
Civ. No. 1450.

United States District Court,
D. Delaware.

Nov. 19, 1953.

Thomas Herlihy, Jr., and Morris Cohen, Wilmington, Del., for plaintiff.

Leonard G. Hagner, U. S. Atty., Wilmington, Del., for the United States.

LEAHY, Chief Judge.

On June 3, 1953, a motion to dismiss the complaint was denied; D.C.Del., 113 F.Supp. 131. On June 8, 1953, the Supreme Court decided the case of Dalehite v. United States, 346 U.S. 15, 73 S.Ct. 956, adversely to the plaintiff therein. On July 1, 1953, defendant renewed its motion to dismiss on the strength of the Dalehite decision. The sole question involved is whether Dalehite v. U. S., supra, enunciates any principle which necessarily dooms plaintiff's complaint to dismissal. Having heard additional argument and considered supplementary briefs, I again deny the motion to dismiss.

At page 23 of 346 U.S., at page 961 of 73 S.Ct., the Supreme Court catalogs the trial court's findings of causal negligence into three groups: (1) those which held the Government careless in drafting and adopting the fertilizer export plan as a whole; (2) those which found specific negligence in various phases of the manufacturing process; and (3) those determining official dereliction of duty in failing to police the shipboard loading. We need only concern ourselves with the second category, the first being analogous with the decision to build the Air Base, admittedly discretionary and non-actionable, and the third having no counterpart in the allegations of the complaint under consideration.

The Court emphasized [1] that the specific negligent acts of the second classification were each directed by the specifications of the basic "Plan" drafted by the office of the Field Director of Ammunition Plants. This was the bridge over which the discretion of the policy-making officials traveled to reach and immunize the acts of the subordinates. At page 42 of 346 U.S., at page 971 of 73 S.Ct., the Court summarized its rea-

---

1.   346 U.S. 15, at pages 38, 39, 41–42, 73 S.Ct. 961, at pages 969–970.

soning: "The decisions held culpable were all responsibly made at a planning rather than operational level and involved considerations more or less important to the practicability of the Government's fertilizer program." The breadth of that decision was not intended to comprehend the acts of subordinates done within the scope of their employment but either contrary to the directions of a Plan or under no Plan at all. This is what plaintiff Smith wants an opportunity to prove, that his damages were caused by non-discretionary steps in the construction of the Base. For aught we know, the damage may have been due to negligent disregard, rather than strict observance, of the Army's plans and specifications. Such is actionable negligence under the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671 et seq., as interpreted in Dalehite v. U. S., supra. On the motion to dismiss, defendant has not, as was said in the prior opinion, established the "certainty of no right to relief" which must attend dismissal.

Motion to dismiss again denied.